## SUCCESSION OF JEAN B. DAVID—Opposition of L. V. CHACHERÉ, Syndic, et al.

Where a Sheriff acts as syndic of an insolvent estate, he acts in his official capacity, and the parties in interest, who have been injured by his acts or omissions, when acting in such capacity, have the right to hold all his sureties on his official bond liable for injuries they may have received.

When the Sheriff's official bond has been recorded, it operates as a mortgage upon the property of the Sheriff from the date of its registry.

The law grants this mortgage for the protection of private individuals as well as the State, who may be injured by the acts of the Sheriff.

APPEAL from the District Court of the Parish of St. Landry, *Voorhies,* J. *J. E. King,* for administrator. *Lewis & Porter* and *Dupré & Garland,* for opponents and appellants.

MERRICK, C. J. This case comes up on the following statement of facts :

"The only question presented by appellant being, whether *L. V. Chacheré,* Sheriff and syndic of the insolvent estate of *Myers & Alexander,* should be placed on the tableau of classification as an ordinary or mortgage creditor, the following statement is made by counsel, and the Clerk dispensed with the necessity of copying the volumnous documents offered in evidence.

"*Jean Baptiste David* died in November, 1855, while Sheriff of the parish of St. Landry. In the year 1854, on the 8th of August, then being the Sheriff, he was appointed syndic of the aforesaid insolvent estate, and continued to act as such to the period of his death. He received for said estate, as syndic, $3,338 78, the amount charged against him in the judgment of the District Court. His estate is responsible to the insolvent estate he administered for this sum. *L. V. Chacheré,* the appellant, is and was, at the time of filing his opposition, syndic of said insolvent estate."

It appears to us, that the Sheriff acted officially when he acted as syndic. The appointment is conferred upon the Sheriff as such, and because he is Sheriff. The parties in interest, who have been injured by his acts or omissions as Sheriff, have the right to avail themselves of all the securities furnished by his official bond. Under the law, one of these is, (where the bond has been recorded,) a mortgage upon the property of the Sheriff from the date of the registry. This mortgage is for the protection of private individuals as well as the State.

Acts of 1848, p. 85–86, sec. 1 ; Phillips' Dig. p. 67 ; *Tucker* v. *Bobo, Sheriff*, 11 An. 611.

The date of the registry of the Sheriff's bond does not appear. The appellant can only be allowed a mortgage from the date of *David's* appointment as syndic.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, so as to award said *L. V. Chacheré*, Sheriff, a legal mortgage for said sum of $3,338 78, upon the immovables and slaves of said deceased, and the proceeds thereof, to date from the 8th day of August, 1854, and that he be paid accordingly ; and that the judgment of the lower court, so amended, be affirmed ; the appellees paying the costs of the appeal.